UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXEI KOUVCHINOV, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 04-12531 (MEL) |
| v. | )<br>)<br>) |
| PARAMETRIC TECHNOLOGY<br>CORPORATION, CDI CORPORATION,<br>LISA WALES, and CONNECTICUT<br>GENERAL LIFE INSURANCE CO., | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## CDI CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant CDI Corporation ("CDI") hereby answers Plaintiff's Complaint in accordance with the numbered paragraphs of Plaintiff's Complaint as follows.

### Introduction

1.  Paragraph 1 contains a summary of the Plaintiff's claims without any factual allegations and thus no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 1.

### Jurisdiction

2.  The allegations contained in Paragraph 2 constitute conclusions of law to which no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 2.

3.  The allegations contained in Paragraph 3 constitute conclusions of law to which no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 3.

## Parties

4. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies them.

5. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

6. CDI admits that it is a corporation organized under the laws of the Commonwealth of Pennsylvania, and that it is registered to do business in Massachusetts. CDI denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies them.

8. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies them.

## Facts

9. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies them.

10. CDI is without sufficient information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 10 of the Complaint and therefore denies them. CDI is without sufficient information to form a belief as to the truth of the allegations that Plaintiff has a record of disability. CDI denies the remaining allegations contained in paragraph 10.

11. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies them.

14. CDI is without sufficient information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 14 of the Complaint and therefore denies them. CDI admits that, on or about November 29, 2001, Kouvchinov and CDI entered into an employment agreement that stated that the beginning of Kouvchinov's employment would be December 3, 2001. CDI is without sufficient information to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 14 of the Complaint and therefore denies them.

15. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies them.

16. CDI admits that on or about December 4, 2001, Plaintiff began an assignment at Parametric Technology Corporation. CDI denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18. CDI is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies them.

19. CDI admits that on or about December 7, 2001, it terminated Plaintiff's employment. CDI is without sufficient information to form a belief as to the truth of the

remaining allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20. CDI denies the allegations contained in Paragraph 20 of the Complaint.

## Causes of Action

### Count I: DISABILITY DISCRIMINATION (PTC and CDI)
### Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101 et seq.
### Mass. Gen. Laws. Ch. 151B

21. CDI repeats and incorporates by reference its responses to Paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22. The allegations contained in Paragraph 22 constitute conclusions of law to which no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 22.

23. The allegations contained in Paragraph 23 constitute conclusions of law to which no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 23.

24. CDI denies the allegations contained in Paragraph 24 of the Complaint.

25. The allegations contained in Paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 25.

26. CDI denies the allegations contained in Paragraph 26 of the Complaint.

### COUNT II: ERISA DISCRIMINATION (PTC, CDI and Wales)
### 29 U.S.C. § 1140

27. CDI repeats and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. CDI denies the allegations contained in Paragraph 28 of the Complaint.

29. CDI denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT III: VIOLATION OF ERISA/PLAN (CIGNA)
## 29 U.S.C. §§1132(a)(1)(B) and (a)(3)(B)

This cause of action is not, and cannot be, directed toward CDI and therefore CDI does not answer. To the extent a response is required, CDI denies the allegations contained in Count III.

## COUNT IV: INTERFERENCE WITH ADVANTAGEOUS RELATIONS
## (PTC and Wales)

This cause of action is not, and cannot be, directed toward CDI and therefore CDI does not answer. To the extent a response is required, CDI denies the allegations contained in Count IV.

## COUNT V: NEGLIGENCE (PTC, CDI and Wales)

37. CDI repeats and incorporates by reference its responses to Paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. The allegations contained in Paragraph 38 constitute conclusions of law to which no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 constitute conclusions of law to which no response is required. To the extent a response is required, CDI denies the allegations contained in Paragraph 39.

40. CDI denies the allegations contained in Paragraph 40.

41. CDI denies the allegations contained in Paragraph 41.

## COUNT VI: DEFAMATION (PTC and Wales)

This cause of action is not, and cannot be, directed toward CDI and therefore CDI does not answer. To the extent a response is required, CDI denies the allegations contained in Count VI.

## COUNT VII: INVASION OF PRAVACY (PTC)
## Mass. Gen. Laws. Ch. 214, §1B

This cause of action is not, and cannot be, directed toward CDI and therefore CDI does not answer. To the extent a response is required, CDI denies the allegations contained in Count VII.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent he failed to satisfy the statutory and/or administrative prerequisites to the bringing of an action.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he failed to exercise reasonable diligence to mitigate his damages, as required by law.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he is not a qualified individual with a disability or handicap.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he never notified or otherwise informed CDI he was disabled or handicapped, and therefore CDI did not know that he was disabled or handicapped.

### Seventh Affirmative Defense

Any and all actions taken by Defendants with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the grounds that CDI's conduct was at all times justified and lawful.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the grounds that he did not suffer any legally cognizable harm that was proximately caused by CDI's conduct.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the grounds that any damages suffered by the Plaintiff are the consequences of Plaintiff's own acts and/or omissions, or of those of third persons not in CDI's control.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, wholly or in part, by the doctrine of unclean hands.

### Twelfth Affirmative Defense

Plaintiff has alleged no facts warranting an award of punitive damages.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of at-will employment.

### Fourteenth Affirmative Defense

Defendant reserves the right subsequently to assert other defenses of which it may become aware during the course of this proceeding.

Respectfully submitted,
CDI Corporation

By its attorneys,

Suzanne M. Suppa (BBO #565075)
Amy L. Nash (BBO #647304)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (phone)
(617) 737-0052 (fax)

Dated: March 14, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the plaintiff by mail on this 14th day of March 2005.

Amy L. Nash

Dated: March 14, 2005