UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEXEI KOUVCHINOV,
    Plaintiff,

v.

PARAMETRIC TECHNOLOGY
CORPORATION, CDI CORPORATION,
LISA WALES, and CONNECTICUT
GENERAL LIFE INSURANCE CO.
    Defendants.

Civil Action No. 04-12531-MEL

## AMENDED ANSWER OF LISA WALES TO PLAINTIFF'S COMPLAINT

Defendant, Lisa Wales (hereinafter "Wales"), for her Amended Answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1.    This paragraph states a summary of Plaintiff's Complaint to which no response is required. To the extent a response is required, Wales denies any wrongdoing and that Plaintiff is entitled to any relief under the referenced statutes.

### JURISDICTION

2.    The allegations in this paragraph are statements of law to which no response is required.

3.    The allegations in this paragraph are statements of law to which no response is required.

## PARTIES

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.  Admits the allegations in Paragraph 5.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.  Admits the allegations in Paragraph 7.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

## FACTS

9.  Admits the allegations in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10.  Denies the allegations in the second sentence of Paragraph 10.

11. Admits the allegations in Paragraph 11.

12. Denies the allegations in Paragraph 12, except admits that PTC had a short-term disability plan administered by CIGNA in or about September 2001 and that on or about September 17, 2001, Plaintiff applied for short-term disability benefits.  Further responding, Wales states that Plaintiff's application form for benefits speaks for itself.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, except admits that on or about December 4, 2001, Plaintiff was present on the premises of PTC and reported that he was present on the premises to do work as an employee of Defendant CDI.

17. Denies the allegations in Paragraph 17, except admits that Wales saw Plaintiff at PTC on or about December 4, 2001 and that she did not ask Plaintiff at that time if he was receiving disability benefits.

18. Denies the allegations in Paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 19.

20. Denies the allegations in Paragraph 20.

## CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION (PTC and CDI)

21. Wales restates and realleges her responses to Paragraphs 1 – 20 and incorporates them herein by reference.

22. The allegations in Paragraph 22 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 22.

23. The allegations in Paragraph 23 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 23.

24. The allegations in Paragraph 24 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 24.

25. The allegations in Paragraph 25 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 25.

26. The allegations in Paragraph 26 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 26.

### COUNT II: ERISA DISCRIMINATION (PTC, CDI and Wales)

27. Wales restates and realleges her responses to Paragraphs 1 – 20 and incorporates them herein by reference.

28. Denies the allegations in Paragraph 28.

29. Denies the allegations in Paragraph 29.

### COUNT III: VIOLATION OF ERISA/PLAN (CIGNA)

30. Wales restates and realleges her responses to Paragraphs 1 – 20 and incorporates them herein by reference.

31. The allegations in Paragraph 31 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 31.

32. The allegations in Paragraph 32 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 32.

### COUNT IV: INTERFERENCE WITH ADVANTAGEOUS RELATIONS (PTC and Wales)

33. Wales restates and realleges her responses to Paragraphs 1 – 20 and incorporates them herein by reference.

34. Denies the allegations in Paragraph 34.

35. Denies the allegations in Paragraph 35.

36. Denies the allegations in Paragraph 36.

### COUNT V: NEGLIGENCE (PTC, CDI and Wales)

37. Wales restates and realleges her responses to Paragraphs 1 – 20 and incorporates them herein by reference.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 38. Denies the allegations in the second sentence of Paragraph 38.

39. Denies the allegations in Paragraph 39.

40. Denies the allegations in Paragraph 40.

41. Denies the allegations in Paragraph 41.

### COUNT VI: DEFAMATION (PTC and Wales)

42. Wales restates and realleges her responses to Paragraphs 1 – 20 and incorporates them herein by reference.

43. Denies the allegations in Paragraph 43.

44. Denies the allegations in Paragraph 44.

45. Denies the allegations in Paragraph 45.

46. Denies the allegations in Paragraph 46.

### COUNT VII: INVASION OF PRIVACY (PTC)

47. Wales restates and realleges her responses to Paragraphs 1 – 20 and incorporates them herein by reference.

48. The allegations in Paragraph 48 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 48.

49. The allegations in Paragraph 49 are directed to a defendant other than Defendant Wales. Therefore, no response by Defendant Wales is necessary. To the extent a response is necessary, Defendant Wales denies the allegations in paragraph 49.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each claim set forth therein cannot be maintained because any duties or obligations owed to Plaintiff by Wales have been fully performed, satisfied, or discharged.

### THIRD AFFIRMATIVE DEFENSE

Without admitting that Plaintiff is entitled to any recovery, Plaintiff's claims for damages fail, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Every action taken by Wales with respect to Plaintiff was taken for a legitimate business purpose.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of his failure to exhaust his administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Wales at all material times made good faith efforts to comply with her obligations under the federal and state employment discrimination statutes.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each claim set forth therein are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury on all of his claims, including claims brought under the Employee Retirement Income Security Act (ERISA).

### TENTH AFFIRMATIVE DEFENSE

Counts IV – VII of Plaintiff's Complaint are preempted, in whole or in part, by ERISA.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by persons or entities other than Defendant Wales.

### TWELTH AFFIRMATIVE DEFENSE

The actions of Wales were not the proximate cause of Plaintiff's alleged injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

Wales was not Plaintiff's employer within the meaning of the Americans with Disabilities Act or G.L. c. 151B.

### FOURTEENTH AFFIRMATIVE DEFENSE

Count V fails as a matter of law because Wales owed no duty to Plaintiff, nor did she breach any such duty.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of negligence in Count V is barred by the exclusivity provision of the Massachusetts Workers' Compensation Act, G.L. c. 152.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery any actual or punitive damages for any claim brought under ERISA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any statements upon which Plaintiff bases his claims in Counts IV-VII were truthful statements and/or statements of opinion.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Defendant made any statements which form the basis of Counts IV-VII of Plaintiff's Complaint, such statements were conditionally privileged.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff was not a qualified individual with a disability or handicap within the meaning of the Americans With Disabilities Act and/or M.G.L. c. 151B.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive and/or the corrective opportunities provided by PTC, and otherwise avoid harm.

### PRAYERS FOR RELIEF

WHEREFORE, Defendant Wales prays for relief as follows:

1. That the Court dismiss Plaintiff's Complaint in its entirety with prejudice;

2. That the Court order that Plaintiff take nothing by his action against Defendant Wales;

3.  That Defendant Wales be awarded the cost and reasonable attorneys' fees she has incurred in defending against this action; and

4.  That Defendant Wales by awarded such other, further relief as the Court deems just and proper.

        Respectfully submitted,

        LISA WALES,

        By her attorneys,

        /s/ Guy P. Tully
        Guy P. Tully, BBO #555625
        Amanda S. Rosenfeld, BBO #654101
        Jackson Lewis LLP
        75 Park Plaza
        Boston, MA 02116
        (617) 367-0025

Dated: March 25, 2005