UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXEI KOUVCHINOV <br> Plaintiff, <br><br> v. <br><br> PARAMETRIC TECHNOLOGY <br> CORPORATION, CDI CORPORATION, <br> LISA WALES, and CONNECTICUT <br> GENERAL LIFE INSURANCE CO. <br> Defendants. | Civil Action No. 04-12531 MEL |

## DEFENDANT, CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S, MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

The Defendant, Connecticut General Life Insurance Company ("CGLIC" or "Defendant") hereby moves this Court to dismiss Count III of Plaintiff's Complaint, the sole Count implicating CGLIC, pursuant to Federal Rule of Civil Procedure 12(b)(6). Through this action, Plaintiff seeks to recover undefined "damages" and "equitable relief" from CGLIC under ERISA Section 502(a)(1)(B) and 502(a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). As set forth below, Plaintiff cannot maintain a claim for benefits under ERISA Section 502(a)(1)(B) because Plaintiff admits that he received all benefits to which he is entitled under the Plan. In addition, Plaintiff cannot maintain a fiduciary breach claim against CGLIC under ERISA Section 502(a)(3) because Plaintiff fails to assert any facts in support such a claim and Plaintiff fails to seek "appropriate equitable relief" recoverable under Section 502(a)(3).

RELEVANT FACTUAL ALLEGATIONS

Plaintiff asserts only four factual allegations as to CGLIC—which was defined as CIGNA in the Complaint—which must be accepted as true for purposes of deciding this motion.[1] Specifically, Plaintiff alleges:

1)     On or about September 17, 2001, Kouvchinov made a claim for disability benefits through a short term disability plan ("Plan") sponsored by PTC and administered by CIGNA." Complaint at Par. 12.

2)     CIGNA allowed Kouvchinov's claim based on its determination that he was disabled under the terms of the Plan, and CIGNA began to pay him benefits. CIGNA paid weekly benefits in advance, and on November 23, 2001, it issued a benefits check for the period November 24, 2001 through November 30, 2001." Complaint at Par. 13.

3)     Plaintiff recovered from his disability and executed an employment agreement on November 29, 2001. Complaint at Par. 14.

4)     After executing the employment agreement, "Kouvchinov called CIGNA to provide notice of his planned return to work . CIGNA did not issue a check on November 30, 2001, which was the next scheduled payment date, so Kouvchinov concluded that CIGNA had terminated his benefits. Complaint at Par. 15.

---

[1] CGLIC does not admit to these facts.

<u>ARGUMENT</u>

I.      <u>The Court Must Dismiss Plaintiff's Benefits Claim</u>

ERISA Section 501(a)(1)(B) permits a plan participant to bring a cause of action

"to recover benefits due to him under the terms of his plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Plaintiff cannot sustain a claim under ERISA Section 502(a)(1)(B) because he admits: 1)

that he received all benefits to which he was entitled under the Plan; and that 2) CGLIC

terminated his benefits after being notified that Plaintiff had returned to work. <u>Complaint</u>

at Pars. 13 and 15.

Because Plaintiff admits that he received all benefits to which he was entitled

under the Plan, Plaintiff cannot sustain a benefits claim under ERISA Section

501(a)(1)(B). Accordingly, the Court must dismiss Plaintiff's benefits claim.

II.     <u>The Court Must Dismiss Plaintiff's Fiduciary Breach Claim</u>

Plaintiff's fiduciary breach claim against CGLIC under ERISA Section 502(a)(3)

must be dismissed because Plaintiff: 1) fails to assert any facts that support a fiduciary

breach by CGLIC; and 2) fails to seek appropriate equitable relief.

ERISA provides that:

"[A] fiduciary shall discharge his duties with respect to a plan solely in the
interests of the participants and beneficiaries and . . . with the care, skill, prudence
and diligence under the circumstances then prevailing that a prudent man acting in
a like capacity and familiar with such matters would use in the conduct of an
enterprise of a like character and with like aims.

29 U.S.C. s. 1104(a)(1).

In <u>Varity Corp. v. Howe</u>, 116 S.Ct. 1065 (1995), the Supreme Court held that a plan beneficiary could bring a suit, under ERISA Section 502(a)(3) for "appropriate equitable relief" to remedy a fiduciary duty breach only in limited circumstances. Specifically, the Court instructed that:

> We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the'special nature and purpose of employee benefit plans' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others' . . . Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

<u>Id</u>. at 1079.

Further, in <u>Great-West Life & Annuity Insurance Company v. Knudson</u>, 534 U.S. 204 (2002), "the Supreme Court held that s. 1132(a)(3) relief is available only in cases that follow the historical model for cases brought at equity." <u>Watson v. Deaconness Hospital</u>, 298 F. 3d 102, 110 n.8 (1st Cir. 2002).

The First Circuit has applied <u>Varity</u> and <u>Great-West</u> strictly in recognition of the Supreme Court's emphasis that "ERISA is a comprehensive and reticulated statute" and that the Supreme Court has "therefore been specially 'reluctant to tamper with the enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." <u>Watson</u>, 298 F.3d at 112 (<u>quoting</u> <u>Great-West</u> quoting numerous other Supreme Court precedent).

In the instant case, Plaintiff fails to assert any facts that identify: 1) the fiduciary duty CGLIC had to Plaintiff; or 2) how such duty was allegedly breached. To the contrary, Plaintiff alleges that CGLIC paid him the benefits to which he was due and stopped paying such benefits upon receipt of notice from Plaintiff. Because Plaintiff has

failed to assert any facts supporting a fiduciary breach claim his fiduciary breach claim against CGLIC must be dismissed.

Likewise, Plaintiff fails to assert the "appropriate equitable relief" to which he is allegedly entitled. As set forth above, an ERISA participant may only bring a private right of action based on an alleged breach of fiduciary duty under limited circumstances seeking specific equitable relief. See Great-West, 534 U.S. 204. Because Plaintiff fails to identify the "appropriate equitable relief" to which he is allegedly entitled, his claim must be dismissed.

## CONCLUSION

Plaintiff has asserted no facts to support any ERISA benefits or fiduciary breach claim against CGLIC. If this Court was to allow Plaintiff's claim against CGLIC to proceed, it would implicitly endorse a system in which plaintiffs can assert factually unsupported legal theories requesting undefined relief from fiduciaries. Fiduciaries faced with such conclusory allegations will have the Hobson's choice of remaining in costly litigation until its resolution or paying hefty settlements to extricate themselves. This ultimately will lead higher costs for administering plans. Such a result will be at odds with ERISA's highly reticulated and "carefully integrated civil enforcement provisions" which permits recovery only under certain narrowly drawn statutorily prescribed situations. Mertens v. Hewitt Associates, 508 U.S. 248, 252 (1993). Thus, the Court must dismiss Count III of Plaintiff's complaint, the sole claim against CGLIC, and enter judgment in favor of CGLIC.

Respectfully submitted, the Defendant

Connecticut General Life Insurance Company
By its Attorneys,


David B. Crevier
BBO. No. 557242
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA. 01115
(413) 787-2400

## LR. 7.1 (A)(2) Certification

I certify that prior to filing this motion I conferred with Plaintiff's Counsel, in a good faith attempt to resolve or narrow the issues presented in this motion.


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to all other parties to this action by first class U.S. mail, postage prepaid, this _28_ day of March, 2005.