**EXHIBIT J**

```
 1                IN THE UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 2
     ALEXEI KOUVCHINOV,              )
 3        Plaintiff,                 )
                                     )
 4   vs.                             )   DOCKET NO. 04-12531 MEL
                                     )
 5   PARAMETRIC TECHNOLOGY           )
     CORPORATION, CDI CORPORATION    )
 6   LISA WALES, and CONNECTICUT     )
     GENERAL LIFE INSURANCE CO.      )
 7        Defendants.                )

 8                   ---------------------------

 9                       ORAL DEPOSITION OF

10                         SCOTT ANDERSON

11                         March 15, 2006

12                   ---------------------------
```

18       ORAL DEPOSITION OF SCOTT ANDERSON, produced as a

19  witness at the instance of the Plaintiff, and duly sworn,

20  was taken in the above-styled and numbered cause on the 15th

21  day of March, 2006, at 12:30 p.m., before Catherine Vecchio

22  Williams, CSR/RPR, in and for the State of Texas, reported

23  by machine shorthand, at the offices of Arlington Court

24  Reporting, Inc., 901 Avenue K, Grand Prairie, Texas 75050

25  pursuant to the Federal Rules of Civil Procedure.

Deposition of SCOTT ANDERSON
March 15, 2006

25

1    A.    No, I do not.
2    Q.    When you received telephone calls in connection
3  with a claim, did you ever make handwritten notes of those
4  calls?
5    A.    Yes.
6    Q.    Was that your practice to always do that?
7    A.    Yes.
8    Q.    And what did you do with these handwritten notes?
9    A.    Went and documented in this Unilynx System and then
10 discarded that paper.
11   Q.    Did Signa have a practice, generally, that for
12 claim managers when they received a telephone call, they
13 were supposed to make handwritten notes of the call?
14   A.    It was personal choice.
15   Q.    Directing your attention to page 437, in this note
16 you are documenting correspondence that you sent to the
17 attending physician; is that right?
18   A.    Yes.
19   Q.    So you're recording here that you sent out a
20 letter here to a doctor?
21   A.    A letter or a fax, yes.
22   Q.    And why did you take this step as opposed to
23 Ms. Wallace?
24   A.    In this particular instance, I do not remember.
25   Q.    The next page, which is 438, contains a copy of an

1  email that you received from Lisa Perry and that you sent to

2  her; is that right?

3      A.  Yes.

4      Q.  And you included this email in Unilynx because you

5  considered it pertinent to Mr. Kouvchinov's claim; is that

6  right?

7      A.  Yes.

8      Q.  Did you ever have any conversations with

9  Mr. Kouvchinov?

10     A.  I do not remember.

11     Q.  All right.  Directing your attention to page 441,

12 and this note is one that you created with respect to the

13 current case plan; is that right?

14     A.  Yes.

15     Q.  And you created this on October 29th, 2001?

16     A.  Yes.

17     Q.  And you indicated that benefits were extended

18 through November 30th, 2001?

19     A.  Yes.

20     Q.  And then you indicate that you will follow-up for

21 return to work date as the claimant estimates as a potential

22 return to work as November 17th, 2001; is that right?

23     A.  Yes.

24     Q.  So your information at that time as reflected in

25 this note, is that Mr. Kouvchinov had estimated the