**EXHIBIT O**

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

- DISMISSAL and NOTIFICATION of RIGHTS -

| To: | Stephen S. Churchill Esq.<br>The Hale and Dorr Legal Services Center<br>122 Boylston Street<br>Jamaica Plain, MA 02130 | Case: Alexei Kouvchinov v. Parametric Technology Corporation and Lisa Wales<br>MCAD Docket Number: 02BEM02308<br>EEOC Number: 16CA202589<br>Investigator: Lynn D. Goldsmith |

Your complaint has been dismissed for the following reasons:

[ ]    The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]    Respondent employs less than the required number of employees.

[ ]    Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]    You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]    The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]    The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[XX]   The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

- NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Nancy To.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____          11/15/04
Walter J. Sullivan Jr.                    Date
Investigating Commissioner

MCAD Docket Number 02BEM02308, Dismissal and Notification of Rights with Appeal Rights          Page 1

Cc:    Guy P. Tully, Esq.
       Jackson Lewis, LLP
       75 Park Plaza
       Boston, MA 02106

| | |
|---|---|
| To: | FILE |
| From: | Enforcement |
| Case: | Kouvchinov v. Parametric Technology Corporation and Lisa Wales |
| MCAD No: | 02 13 02308 |
| EEOC No: | 16CA202589 |
| No. Employees: | 25+ |
| Investigator: | Lynn D. Goldsmith |
| Re: | **Recommendation for Dismissal for Lack of Probable Cause** |

On May 24, 2002, Complainant, Alexei Kouchinov, filed a Complaint against his former employer, Parametric Technology Corporation (PTC) and Lisa Wales, a PTC Human Resources representative, charging them with aiding and abetting discrimination by informing his then current employer, CDI Information Technology Corporation (CDI), that he was receiving short-term disability benefits, which he alleges resulted in his termination from CDI on account of his disability or a perception that he was disabled. Complainant alleges that Respondents' actions violate Massachusetts General Laws Chapter 151B §4(16) and the Americans with Disabilities Act of 1990, as amended.

## Undisputed Facts

Complainant was laid off by PTC, his former employer in September 2001. In the week between being notified of the lay-off and the actual lay-off, Complainant applied for short-term disability benefits. He had not previously applied for any such benefits in the 7+ years he worked for PTC. Complainant began receiving short-term disability benefits and received benefits up to November 30, 2001. Complainant was hired by CDI and as of December 3, 2001 he was back at work as a full time employee of CDI, assigned to work at PTC, who had contracted with CDI. Complainant was performing the same data base repair work that he had done for PTC while an employee of theirs. On December 4, 2001, while working at PTC, Complainant spoke to Lisa Wales who worked in PTC's Human Resources Department and was aware of his lay-off from PTC and that he had applied for and was receiving short-term disability benefits. When she asked what he was doing at PTC he confirmed that he was working there as a CDI employee. CDI thereafter terminated Complainant from his employment with CDI.

## Complainant's allegations

Complainant alleges that PTC and Lisa Wales aided and abetted discrimination against him because of his disability when they reported to CDI that he had applied for, and was then currently receiving, short-term disability benefits, thereby resulting in his termination from CDI. Complainant alleges that he had contacted the insurance carrier, CIGNA, prior to commencing employment with CDI, to inform them that he was no longer disabled and would be returning to work. He alleges that when he informed PTC that he was no longer receiving short-term disability benefits and had received his last check on November 30, 2001, PTC referred him to CDI and stated that he needed to work it out with them.

1

### Respondent's response

Respondent asserts that it notified CDI that Complainant was receiving short-term disability benefits because it believed Complainant was committing insurance fraud and a breach of ethics by simultaneously working and claiming he was unable to work in any capacity, thereby qualifying for short-term disability benefits. Based on this belief, PTC notified CDI that it did not want Complainant working at PTC. Respondent, PTC, also asserts that Complainant had never informed PTC that he suffered from any disability, nor had he ever applied for disability benefits prior to notice of his lay-off. Respondent asserts that it was told by the insurance carrier, CIGNA, that the sole reason Complainant received his last disability check on November 30, 2001 was because PTC notified CIGNA that he was working for CDI while claiming to be disabled from work. On December 4, 2001, PTC was advised by CIGNA that Complainant was approved for benefits through December 16, 2001. Respondent also asserts that while Complainant was representing to CIGNA that he was unable to work in any capacity, he also contacted a VP at PTC and offered to do database repair services for PTC on an independent contractor basis.

### Conclusion

Respondent has submitted sufficient evidence to support its position that it did not aid and abet discrimination against Complainant on the basis of his disability or because he had filed for disability benefits, but rather because it believed him to be committing insurance fraud. Regardless of the dispute of fact over how CIGNA came to be informed of Complainant's return to work, Respondent's actions were taken because they believed Complainant to be committing insurance fraud by simultaneously working and collecting benefits. At the time the decision to notify CDI of this apparent ethical breach, Respondent believed this to be true and the information it had from CIGNA supported this conclusion. Furthermore, Respondent did not order CDI to terminate Complainant, but merely asked that he not be assigned to work at PTC any longer. The evidence does not support a finding that Respondents PTC or Lisa Wales were motivated by any bias against Complainant because of his alleged disability or that they aided and abetted discrimination against him.

### Recommendation

For the foregoing reasons, a finding of Lack of Probable Cause is recommended as to Complainant's charges of disability discrimination as to both PTC and Lisa Wales.

_____
Lynn D. Goldsmith
Attorney Investigator

_____
Geraldine Fasnacht
Acting Supervisor

2