# EXHIBIT N

Insurance Company of North America
Life Insurance Company of New York

CIGNA

| Any person who knowingly and with intent to defraud any insurance company or other person files a statement containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. |
|---|

## INSTRUCTIONS FOR FILING A CLAIM

**THIS FORM IS FOR SHORT TERM DISABILITY BENEFITS ONLY.**
**YOUR CLAIM WILL BE SUBJECT TO DELAY OR RETURN IF THESE INSTRUCTIONS ARE NOT FOLLOWED.**

To the Claimant:
- A. Complete the Claimant section on the reverse of this form.
- B. Have the Attending Physician complete and sign the appropriate section on the reverse of this form.
- C. Return the fully completed form to your Employer/Administrator who will submit the form to the assigned Claim Office.

To the Employer/
Administrator:
- A. Give the form to the Claimant for completion of the Claimant and Physician statements.
- B. Complete Employer's/Administrator's section.
- C. Submit completed form to the assigned Claim Office.

## TO BE COMPLETED BY THE EMPLOYER/ADMINISTRATOR

| NAME OF EMPLOYEE/ASSOCIATION MEMBER (Last Name) | (First Name) | (Middle Initial) | DATE OF BIRTH | SOCIAL SECURITY NO. | SEX |
|---|---|---|---|---|---|
| Kouchinov | Alexei | | | | ☒M ☐ |

| ADDRESS (Street) | (City) | (State) | (Zip Code) | TELEPHONE # |
|---|---|---|---|---|
| | West Roxbury | MA | | (617)-469-1963 |

| POLICY NO. | OCCUPATION |
|---|---|
| | MAD Software Engineer |

PLEASE CHECK THE APPROPRIATE BLOCKS REGARDING THE INSURED'S EMPLOYMENT STATUS.    Hrs/wk **40**

- ☒ Exempt
- ☐ Management
- ☐ Supervisory
- ☐ Union Local #
- ☒ Salaried
- ☒ Full-time
- ☐ Non-Exempt
- ☐ Non-Management
- ☐ Non-Supervisory
- ☐ Non-Union
- ☐ Hourly
- ☐ Part-time

| BASIC EARNINGS PER WEEK | DATE OF LAST CHANGE IN EARNINGS | DATE HIRED/MEMBER OF ASSOCIATION | EFFECTIVE DATE OF INSURANCE |
|---|---|---|---|
| $1098.35 | 11-01-00 | 08-15-94 | 11-15-94 |

WAS INSURANCE ISSUED ON THE BASIS OF A STATEMENT OF PHYSICAL CONDITION?
☐ Yes  ☒ No   If Yes, Attach Copy

EMPLOYEE'S/MEMBER'S CONTRIBUTIONS WERE MADE ON: 100% pd by PTC
☐ Pre-Tax Basis  ☐ Post-Tax Basis

| LAST DATE WORKED | # of Hours: | DATE RETURNED TO WORK | PREMIUM PAID THROUGH DATE | % OF INSURED'S CONTRIBUTION TO PREMIUM |
|---|---|---|---|---|
| 09/10/01 | 8 | part of reduction | current | 100% pd by PTC |

PLEASE LIST ALL BENEFITS THAT THE INSURED IS RECEIVING OR ELIGIBLE TO RECEIVE AS A RESULT OF HIS/HER DISABILITY (E.G. SALARY CONTINUANCE, SICK PAY, STATE DISABILITY, WORKERS' COMPENSATION, ETC.).

| BENEFIT | GROSS WEEKLY AMOUNT | DATE BEGAN | PAID THRU DATE |
|---|---|---|---|
| | | | |

K EXHIBIT
1
sup 10/18/05

REDACTED

| HAS EMPLOYEE/MEMBER BEEN LAID OFF? | ☐ Yes ☒ No | IF YES, DATE | REASON |
|---|---|---|---|
| OR TERMINATED? | ☒ Yes ☐ No | 09/24/01 | PTC has reduced it's work force. Alexei was part of this reduction |

## EMPLOYER'S/ADMINISTRATOR'S CERTIFICATION

| NAME OF EMPLOYER/ASSOCIATION | DIVISION |
|---|---|
| Lisa Perry | HR/Benefits |

| ADDRESS (Street) | (City) | (State) | (Zip Code) | TELEPHONE # |
|---|---|---|---|---|
| | Needham | MA | | (781)-370-6913 |

THIS IS TO CERTIFY THAT THE FACTS AS INDICATED ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

| SIGNATURE OF AUTHORIZED REPRESENTATIVE | DATE SIGNED |
|---|---|
| Lisa A Perry | 9-21-01 |

CL500385  3-94

The issuance of this blank is not an admission of the existence of any insurance nor does it recognize the validity of any claim and is without prejudice to the Company's legal rights in the premises.

RESP00020

| DATE OF ACCIDENT OR BEGINNING OF SICKNESS | DATE YOU STOPPED WORK | DATE YOU RETURNED TO WORK |  |
|---|---|---|---|
| 09/17/01 | 09/17/01 | 11/17/01 | MA |

DESCRIBE IN YOUR OWN WORDS WHAT IS WRONG WITH YOU (IF ACCIDENT, DESCRIBE CIRCUMSTANCES AND ADVISE WHETHER IT OCCURRED AT WORK).

depressed, can not concentrate
low energy and feel hopeless.

HAVE YOU HAD THE SAME OR SIMILAR CONDITION IN THE PAST?    IF SO, PLEASE DESCRIBE IN DETAIL.

last year less severe.

PLEASE LIST ANY HOSPITALS, CLINICS OR PHYSICIANS THAT TREATED YOU FOR YOUR ILLNESS OR INJURY.

| NAME | COMPLETE ADDRESS | TREATMENT PERIOD |
|---|---|---|
| L Freedberg | Newton, MA 02462 | current |

PLEASE DESCRIBE YOUR JOB DUTIES IN DETAIL. WHAT PERCENTAGE OF YOUR JOB REQUIRES PHYSICAL LABOR?

software engineer    0% physical labor

PLEASE LIST ALL BENEFITS YOU ARE RECEIVING OR ELIGIBLE TO RECEIVE UNDER ANY OTHER GROUP INSURANCE, GOVERNMENT PLAN OR AUTOMOBILE MANDATORY NO-FAULT COVERAGE.

| BENEFIT | GROSS WEEKLY AMOUNT | DATE BEGAN | PAID THRU DATE |
|---|---|---|---|
| None | REDACTED | | |

## CLAIMANT'S CERTIFICATION

THIS IS TO CERTIFY THAT THE FACTS AS INDICATED ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

| SIGNATURE OF EMPLOYEE / ASSOCIATION MEMBER | DATE SIGNED |
|---|---|
| Alexei Trouvditsov | 09/17/01 |

## AUTHORIZATION TO RELEASE INFORMATION

I authorize any Health Care Provider, Insurance Company, Employer, Person or Organization to release any information regarding medical, dental, mental, alcohol or drug abuse history, treatment or benefits payable, including disability or employment related information, to any CIGNA company, the Plan Administrator, or their employees and authorized agents for the purpose of validating and determining benefits payable. This data may be extracted for use in audit or statistical purposes. I understand that I or my authorized representative will receive a copy of this authorization upon request. This authorization or a photostatic copy of the original shall be valid for the duration of the claim.

| SIGNATURE OF EMPLOYEE / ASSOCIATION MEMBER | DATE SIGNED |
|---|---|
| Alexei Trouvditsov | 09/17/01 |

## TO BE COMPLETED BY ATTENDING PHYSICIAN

DIAGNOSIS AND CONCURRENT CONDITIONS, INCLUDING ICD-9 OR DSM-II CODE.

Major Depression    296.33

| IS CONDITION DUE TO PREGNANCY? ☐ Yes ☒ No | IF "YES", PLEASE PROVIDE THE FOLLOWING INFORMATION IF APPLICABLE. | | |
|---|---|---|---|
| APPROXIMATE DATE PREGNANCY COMMENCED | ESTIMATED DATE OF CONFINEMENT | DATE OF DELIVERY | TYPE OF DELIVERY |

COMPLICATIONS    NONE

| IS CONDITION DUE TO INJURY OR SICKNESS ARISING OUT OF PATIENT'S EMPLOYMENT?  ☐ Yes ☒ No | DATE SYMPTOMS FIRST APPEARED OR ACCIDENT HAPPENED approx July 2001 | DATE PATIENT FIRST CONSULTED YOU FOR THIS CONDITION. 9/17/01 |
|---|---|---|

DATES OF SERVICE — INCLUDE DATE OF NEXT APPOINTMENT (IF PREVIOUS FORM SUBMITTED TO THIS CARRIER, YOU NEED SHOW ONLY DATES SINCE LAST REPORT).

9/17/01 — next appointment 10/10/01

| HAS PATIENT EVER HAD SAME OR SIMILAR CONDITION? ☒ Yes ☐ No    IF "YES", WHEN AND DESCRIBE | PATIENT STILL UNDER YOUR CARE FOR THIS CONDITION? |
|---|---|
| Milder form in 2000 x few months | ☒ Yes ☐ No |

HAS PATIENT BEEN HOSPITAL CONFINED? ☐ YES ☒ NO    IF YES, CONFINED FROM _____ THRU _____

NAME AND ADDRESS OF HOSPITAL

NATURE OF SURGICAL PROCEDURE, IF ANY

☐ INPATIENT    ☐ OUTPATIENT    DATE PERFORMED

| PATIENT WAS CONTINUOUSLY TOTALLY DISABLED — (UNABLE TO WORK) From: 9/17/01    Thru: still disabled | IF STILL DISABLED, DATE PATIENT SHOULD BE ABLE TO RETURN TO WORK. Hopefully by November 2001 |
|---|---|

REMARKS: WE ARE INTERESTED IN ANY INFORMATION THAT WOULD BE HELPFUL TO YOUR PATIENT FOR EVALUATION OF THIS CLAIM.

| DATE | PHYSICIAN'S NAME (PRINT) | SIGNATURE |
|---|---|---|
| 9/18/01 | Leonard Freedberg, M.D. | |

| DEGREE | SOCIAL SECURITY NUMBER | TAX IDENTIFICATION NUMBER |
|---|---|---|
| M.D. | | |

| STREET ADDRESS | CITY OR TOWN | STATE OR PROVINCE | ZIP CODE | TELEPHONE |
|---|---|---|---|---|
| | Newton | MA | 02462 | 617-332-2047 |

EX 5

-----Original Message-----
From: Alexei Kouvchinov [mailto:alexei_kouvchinov@hotmail.com]
Sent: Tuesday, September 25, 2001 1:16 PM
To: jbusa@ptc.com
Subject: PDM databases repair

To : John D. Busa
From: Alexei Kouvchinov
          Tel (617) 469-1963
Subject: PDM databases repair



          Dear Mr. Busa:

I, Alexei Kouvchinov, worked for PTC for more than 7 years. Most of
this time I spend working with PDM. I worked in both new project
development and database corruption    As a matter of fact the tool used
for database corruption repairs was development at least 50% by me
personally. I strongly believe that I possess the knowledge and
experience to fix the most difficult database corruption and assist
customer support to resolve whole spectrum of customers' problems in a
timely matter for all versions of PDM/PDM server and all operating
systems. During my years in PTC the work I have been doing earned a
number of praises from Customer Support. Bellow I list a number of
people I worked with. They can corroborate my credentials as an expert
in the area.


I would like to propose my services for handling database corruptions
for existing customers. I believe that I with a help of one other
person can guarantee the quality and timely response to all customers'
problems. I am confident that I can provide excellent service and
contribute to continuous success of the company I spent so many years
with. I, also, believe that I can propose a better deal that you may
have already on your plate.


List of persons I worked with on PDM databases repair:

Jason Alpert Engineer-Technical Support ext 6252
Robert Rouleau Manager-Section ext 4353
Walter Giraitis Princ Engineer-Tech Support ext 6525
Stephen Vaillancourt Princ Engineer-Tech Support ext 5944
Kevin Bronke Mgr Tech Mktg ext 5147


    Sincerely,


    Alexei Kouvchinov.
    09/25/01


et your FREE download of MSN Explorer at http://explorer.msn.com/intl.asp

Ellen_Shea_26_1.txt

Subj:

    RE: offer

Date:

    Mon, 26 Nov 2001 11:42:02 AM Eastern Standard Time

From:

    "Shea, Ellen" <ellen.shea@cdicorp.com>

To:

    "'Aleshakkkk@aol.com'" <Aleshakkkk@aol.com>

EXHIBIT
5
SW 11/8/05

The estimated time for this project is 1 year.

PTC is bringing on 3 Conversion Specialists and 2 Database Repair Specialists for this project.

The training class starts next Monday the 26th not on December 19th.

We will not entertain a Corp to Corp. This is W2 only.

We need a commitment from you throughout the entire project. If you are going to be searching for a job and will job jump for more money than mabye this is not a good time for you to make a commitment back to PTC and CDI

-----Original Message-----
From: Aleshakkkk@aol.com [mailto:Aleshakkkk@aol.com]
Sent: Monday, November 26, 2001 11:26 AM
To: ellen.shea@cdicorp.com
Subject: offer


To   :  Ellen Shea
        CDI Information Technology Services
        A Division of CDI Corporation
        www.cdicorp.com
        ellen.shea@cdicorp.com
        1-(800)590-0047 ext 3009
        1-(781)356-3000 ext 3009
From:  Alexei Kouvchinov
        phone (617) 469-1963
        email aleshakkkk@aol.com


Dear Ellen,
I have reviewed the employment contract and I have the following issues that will need to be resolved in order for me to accept your offer.

1.  Does CDI have any indication from PTC as to how long they intend to continue to repair PDM databases?
2.  How many people does CDI intend to hire for the purpose of performing PDM database repair?

3.  All the Terms and Conditions are fine, with the exception of Item #8.  I cannot accept this provision unless my termination is voluntary. Since I will be an employee-at-will and conditions could force CDI to terminate me at any time, I do not wish to be constrained from seeking employment for 90 days.      Page 1

Ellen_Shea_26_1.txt

4. The Beginning Date of Employment needs to be changed to December 18, 2001 since I cannot start before then.

Also, I have some questions related to the permanent position at CDI:

1. How many vacation days does CDI offer?
2. How many personal days does CDI offer?
3. How many sick days does CDI offer?
4. What is the schedule of holidays observed by CDI?

Finally, I have a question regarding my potential employment on a contractual basis:

1. I would like to know, if possible, the reasons why we cannot make the contract for my employment between CDI and my corporation I mean corporation to corporation?

I appreciate your offer and your efforts to respond to all my issues and questions.

Sincerely,


Alexei Kouvchinov


---

This e-mail message has been scanned for the presence of all known computer viruses by the MessageLabs Virus Control Center. However, it is still recommended that you use local virus scanning software to monitor for the presence of viruses.

```
--------------------Headers --------------------
Return-Path: <ellen.shea@cdicorp.com>
Received: from rly-xa02.mx.aol.com (rly-xa02.mail.aol.com
       [172.20.105.71]) by air-xa05.mail.aol.com (v82.22) with ESMTP id
       MAILINXA53-1126114202; Mon, 26 Nov 2001 11:42:02 -0500h ESMTP id MAILI
Received: from hq-edi.cdicorp.com ([64.94.199.62]) by
       rly-xa02.mx.aol.com (v82.22) with ESMTP id
       MAILRELAYINXA22-1126114139; Mon, 26 Nov 2001 11:41:39 -05001126114139;
Received: by hq-edi.cdicorp.com with Internet Mail Service
       (5.5.2653.19) id <W935WH93>; Mon, 26 Nov 2001 11:41:38 -050053.1
Message-ID:
       <BE61B64E0322D411B1BC00508B94DDC01272617B@callisto.cdicorp.com>corp
From: "Shea, Ellen" <ellen.shea@cdicorp.com>
To: "'Aleshakkkk@aol.com'" <Aleshakkkk@aol.com>
Subject: RE: offer
Date: Mon, 26 Nov 2001 11:41:37 -0500
Return-Receipt-To: "Shea, Ellen" <ellen.shea@cdicorp.com>
MIME-Version: 1.0
X-Mailer: Internet Mail Service (5.5.2653.19)
Content-Type: text/plain; charset="iso-8859-1"
```

Page 2

1649

# CDI Information Technology Services

EXHIBIT
7
*Soo* 11/8/05

# Application for Employment
(Please type or print answers)

In compliance with equal employment opportunity laws, qualified applicants are considered for employment without regard to race, color, religion, sex, national origin, age, disability, marital or veteran status, or any other legally protected status.

Date of Application __11/29/01__

Position Sought __Software engineer__ _____

First Choice                                          Alternate Choice

## GENERAL

Name __Kouvchinov__ __Alexei__ _____   Social Security No. _____

Last                First              Middle

Home Phone (617) 469-1963

Address _____ __West Roxbury MA__ ____   Work Phone (___)_____

Street          City          State    Zip

Are you known to Schools/References/Employers by another name? ___Yes __✓__ No

If yes, by what name? _____

Have you ever applied to or been employed by this Company before?

_____ Yes   __✓__ No   Date(s) _____   Location(s)_____

Are you lawfully authorized to work in the United States on a full-time basis for any employer?

__✓__ Yes   _____ No

REDACTED

Are there certain times or days you cannot work? __✓__ Yes   _____ No

If yes, specify the times or days _____

Have you ever pled guilty or nolo contendere to or been convicted of a crime (other than a minor traffic violation)?

_____ Yes   __✓__ No

If yes, describe in full, including date(s) _____
(Conviction or guilty plea or plea of nolo contendere is not necessarily a bar to employment.)

EDUCATION

| *see resume* | School Name & Address | Years Completed (Circle) | Diploma or Degree | Describe Course Of Study |
|---|---|---|---|---|
| High School | | 9th, 10th, 11th, 12th | | |
| Trade, Business, Correspondence, Vocational | | 1, 2, 3, 4 | | |
| College/University | | 1, 2, 3, 4 | | |
| Graduate/Professional | | 1, 2, 3, 4 | | |

PREVIEW EMPLOYMENT

PREVIOUS EMPLOYMENT

(List most recent employment first.  A detailed resume may be attached in addition to completing the following spaces.)

**1.  FROM** _____ **TO** _____

| Month | Year | Month | Year |
|---|---|---|---|

Employer _PTC_____ Your last rate of pay _____

Phone ( ) _____ Supervisor's name _____

Address _____

Reason for leaving _laid off_____

Give your job title and full description of your duties and work performed _____

_____

_____

_____

**2.  FROM** _____ **TO** _____

| Month | Year | Month | Year |
|---|---|---|---|

Employer _____ Your last rate of pay _____

Phone ( ) _____ Supervisor's name _____

Address _____

Reason for leaving _____

Give your job title and full description of your duties and work performed _____

_____

_____

_____

_____

**3.  FROM** _____ **TO** _____

| Month | Year | Month | Year |
|---|---|---|---|

Employer _____ Your last rate of pay _____

Phone ( ) _____ Supervisor's name _____

Address _____

Reason for leaving _____

Give your job title and full description of your duties and work performed _____

_____

_____

| 4. FROM | | TO | | |
|---|---|---|---|---|
| Month | Year | Month | Year | |

Employer _____  Your last rate of pay _____

Phone ( ) _____  Supervisor's name _____

Address _____

Reason for leaving _____

Give your job title and full description of your duties and work performed _____

_____

_____

_____

## MILITARY HISTORY

Are you a veteran of the United States military? _____ Yes _____✓_____ No

Highest rank achieved: _____

If yes, what branch? _____

## OTHER SKILLS, TRAINING, ACTIVITIES

Describe any other job-related information you think would be helpful to us in considering you for employment, such as special or military training, skills, extracurricular school activities, special studies, patents, inventions, publications, accomplishments, and additional work experience (you may exclude all information indicative of age, sex, race, religion, color, national origin or disability):

_____

_____

_____

## REFERENCES

Give the names, addresses and phone numbers of three references not related to you.  (Work-related references are preferred.)

1. _____

2. _____

3. _____

## APPLICANT'S CERTIFICATE AND RELEASE

### (Read Carefully Before Signing)

All information provided by me in support of my application for employment is true and correct to the best of my knowledge. I understand that misrepresentations or omissions will constitute sufficient grounds for rejection or for subsequent dismissal if I am hired. I am genuinely seeking employment with the Company and have no other purpose in applying for a job.

I hereby authorize any current or former employer, school, person, firm, corporation, consumer or credit reporting agency, or government agency to answer any and all questions and to release or provide any information within their knowledge or records, and I agree to hold any or all of them blameless and free of any liability for releasing any truthful information that is within their knowledge or records, and I also agree to hold the Company blameless and free of any liability for using any information received from such parties in making an employment decision regarding me.

The Company is hereby authorized to release any other firm or person with whom I may seek employment, any and all information concerning my employment or application, including any information received from a third party as a result of an inquiry such as described in the foregoing paragraph, and I agree to hold the Company blameless and free of any liability for releasing any such information.

In the event of employment, I understand that I will be required to abide by all rules and regulations of the Company (including the signing of any required agreements dealing with inventions, confidential information or any other terms or conditions of employment) which are now in effect or may be established in the future.

I further understand that in the event of employment, I will need to comply with the security procedures of the Company which may required obtaining a government security clearance. I also may be required to complete a government Personal Security Questionnaire, be fingerprinted, and undergo other related processes.

In compliance with the Immigration law, I understand that if I am offered a job by the company, my employment will be conditioned upon my timely production and completion of documents required to verify my eligibility for employment in the United States.

A photocopy of this signed Applicant's Certificate and Release shall have the same force and effect as an original.

I also understand that the issuance of this application does not indicate that there are any positions open and does not in any way obligate the Company.

I understand that any employment offer (or continued employment if employed) will be contingent upon my complying with all requirements outlined in this "Applicant's Certificate and Release" and any other employment - related requirements of the Company.

I understand that if this application is for a staff position, it will be valid only for a period of 90 days after the date I sign it. If I wish to be considered for staff employment after that period, I will have to renew my application in person and in writing.

THIS EMPLOYMENT APPLICATION IS NOT A CONTRACT OF EMPLOYMENT. SHOULD I BE OFFERED EMPLOYMENT OR BECOME EMPLOYED BY THE COMPANY, I UNDERSTAND THAT BOTH THE COMPANY AND I MAY END THE EMPLOYMENT RELATIONSHIP AT ANY TIME WITH OR WITHOUT CAUSE, WITH OR WITHOUT NOTICE AND WITHOUT LIABILITY TO ME FOR WAGES, SALARY, OR OTHER COMPENSATION EXCEPT SUCH AS I MAY HAVE EARNED THROUGH THE DATE OF SUCH TERMINATION. THIS PROVISION CANNOT BE CHANGED EXCEPT IN A WRITTEN EMPLOYMENT AGREEMENT SIGNED BY ME AND AN AUTHORIZED COMPANY REPRESENTATIVE.

I certify that I have carefully read the above and submit this application with full knowledge of these requirements.

11 / 29 / 01
_____
Date

_____
Signature of Applicant

Interviewed by: _____

Remarks _____

Rev. J/A 6/98                     AN EQUAL OPPORTUNITY EMPLOYER

P:\Hiring Package\Application for Employment.doc

0082





Information Technology Services

## EMPLOYMENT AGREEMENT

EXHIBIT

8

SUP  11/8/05

### A.    Basic Information

Employer: _____ CDI Information Technology Services _____ ("we", "us" or "our")

Employee: _____ Alexei Kouvchinov _____ ("you" or "your")

Beginning Date of Employment: _____ December 3, 2001 _____

Compensation: _____ "Regular Rate" of Pay: $ 48.00 from December 3, 2001 to December 30, 2001 and $52.00 from December 31, 2001 through the end of assignment  per hour.
"Overtime Rate" of Pay $ same as above  per hour.
Overtime: All hours worked in excess of forty (40) hours in any one week.

### B.    Standard Terms

This is an Employment Agreement ("Agreement") between you and us and it is made up of the above Basic Information, these Standard Terms and any Optional Terms which are set forth on an attached page and which are specifically made part of this Agreement.

1. **Beginning Date of Employment.** Your employment under this Agreement will start on the Beginning Date of Employment set forth above.

2. **Work Rules.** While working at our facility, you will follow any work rules, regulations, or policies, which have been established.

3. **Compensation.** You acknowledge and understand that you are employed on a per hour basis and not on a per week, per month or some other basis. For each hour of work performed by you under this Agreement, we will pay you at your Regular Rate, except that for each hour of Overtime worked by you we will pay you at your Overtime Rate. Since you are employed on a per hour basis, if you fail to work any day or a part of any day you will not be paid for the time not worked.

4. **Time Cards.** You agree to accurately maintain a time card for all time worked by you and your further agree that such time card records will be conclusive as to the time worked by you.

5. **Confidentiality and Property Rights.** You acknowledge that in the course of your employment by us you will have access to and be exposed to valuable confidential and trade secret information of ours and our Customer. You agree, during the term of your employment and forever thereafter, to keep confidential all information and material provided by us or our Customer ("Confidential Information"), including any information and material relating to any of our employees, customers, vendors or other parties we do business with and excluding only information that is or becomes public knowledge through no fault or participation by you. You agree to keep in strictest confidence and not to disclose, use, copy or make available to others any Confidential Information except as is required in the course of your performing services hereunder or with our prior written permission.

All documents, manuals, bids, contracts, financial data, customer lists and information, employee and applicant lists and information, systems for recruitment and sales, equipment, hardware, software, source code, data bases, designs, drawings, plans, data and the like (including all copies thereof), relating to our business or our Customer's business, which you use, prepare or come into contact with, will remain our or our

Page 1 of 4

Employer            Employee

0074





Information Technology Services

Customer's exclusive property and must be returned to us promptly upon our request or upon termination of your employment with us for any reason.

Employer    Employee

0075



**Information Technology Services**

You agree that all inventions, innovations, concepts, developments, designs, processes, procedures and improvements ("Inventions") related to our or our Customer's business which are made or conceived by you, under your direction or by you jointly with others during the course of your employment by us (including Inventions created outside of working hours), whether or not patentable or copyrightable, will be our sole property. You also agree that any copyrights and other proprietary interests in such Inventions will belong to us or our Customer, and you will promptly and completely disclose and assign all those Inventions to us. For purposes of this paragraph, Inventions made or conceived by you, whether alone or with others, within six months after the termination of your employment with us, will be conclusively presumed to have been made or conceived by you during the term of your employment with us. You agree that, from time to time as we may request, you will sign all documents and do all other things (at our cost) which may be necessary to secure or establish our or our Customer's ownership of such Inventions. Inventions which you have developed prior to being employed by us and which you wish to be excluded from this paragraph must be described on an attachment to this Agreement.

You acknowledge that a breach by you of any provision of this Section may result in serious and irreparable injury to us, which may not be readily or adequately compensated by money damages. Therefore, in the event of your breach or threatened breach of any provision of this Section, we will be entitled to an injunction restraining you from disclosing any Confidential Information or from rendering any services to any person or entity to whom any Confidential Information has been or is threatened to be disclosed. Nothing in this Section should be construed as prohibiting us from pursuing any other remedies for any such breach or threatened breach by you, including the recovery of money damages from you. The provisions of this Section are for our benefit and for the benefit of our Customer and either will have all rights and remedies to enforce such provisions. The provisions of this Section are continuing and will survive indefinitely the termination of this Agreement or of your employment with us.

6.  **Termination.** The employment relationship between you and us hereunder may be terminated at any time at the will of either you or us, either before, on, or after the Reporting Date, without the need for the terminating party to give a specific reason or cause to the other party for the termination. You acknowledge that, as our employee, you will be working in the temporary staffing business and therefore your employment may be terminated when your assignment with our Customer ends or at any earlier time at the discretion of our Customer or us. In the event of termination on or after the Reporting Date, you will be entitled to receive compensation earned through the time of termination, but we shall have no other obligation or liability to you other than the payment of such earned compensation. In the event of termination before the Reporting Date, we shall have no obligation or liability to you whatsoever.

7.  **Amendment of Terms.** This Agreement can be amended by you and us signing a document containing the amended terms. The only other way this Agreement can be amended is by us giving you written notice of the amendment at least one week prior to the effective date of the amendment. If you continue to work for us after the effective date of the amendment, you will be considered as having specifically agreed to the amendment.

8.  **Obligations Following Termination.** You agree not to accept employment directly with our Customer, or indirectly with our Customer by accepting employment with a competitor of ours for assignment to our Customer, for a period of ninety (90) days following termination of your employment with us under this Agreement, unless we give our written consent to such employment. This provision will survive the termination of this Agreement or of your employment under this Agreement.

9.  **Governing Law.** This Agreement will be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania, except that if our Customer enforces its rights under this Agreement, and our Customer's contract with us has a provision choosing a different state's law, then, at our Customer's option, the state law specified in our Customer's contract shall govern.

Employer          Employee

0076



**Information Technology Services**

10. <u>Other Agreements.</u> By signing this Agreement, you represent and warrant to us that you are not bound by any other agreement, written or oral, which would preclude you from entering into this Agreement. You also represent that you will not utilize, in connection with your employment under this Agreement, any materials which may be construed to be confidential to a party other than our Customer or us. In the event of a breach by you of this provision which results in damage to us, you agree to indemnify and hold us harmless with respect to such damage.

11. <u>Entire Agreement.</u> The Basic Information, Standard Terms and any Optional Terms which are specifically included constitute the entire understanding between you and us and there are no representations or agreements except as provided herein.

EMPLOYEE

By: _Alexi Kouvchinov_ 11/29/01
                          Date

Print Name: _A. Kouvchinov_

EMPLOYER

By: _Reg Glenn_ 11/24/01
                          Date

Title: _Branch Administrator_

Employer    Employee

0077

Angela Wallace
**Case Manager**
Disability Management Solutions



EXHIBIT
K
28
Sw     11/14/05



**CIGNA** Group Insurance
Life · Accident · Disability

December 10, 2001

ALEXEI KOUVCHINOV

WEST ROXBURY, MA

Routing
12225 Greenville Ave
Dallas TX  75243-9384
Telephone  (800)352-0611 x5609
Facsimile  (860)731-3413

Re:  Claimant  : ALEXEI KOUVCHINOV
     SS#       :
     Employer  : PARMETRIC TECHNOLOGY CORP.
     Policy#   :
     Company   : CONNECTICUT GENRAL LIFE INSURANCE COMPANY

Dear Mr. Kouvchinov:

We have carefully reviewed your claim for Long Term Disability benefits under the Parametric Technology Corp's group insurance plan and advise you that we cannot consider you totally disabled and as such, eligible to receive benefits beyond November 30, 2001.

Under the Parametric Technology Corp. Short Term disability policy, the definition of disability is as follows:

> An Employee is Disabled if, because of Injury or Sickness,
>
> 1.  He or she is unable to perform all the material duties of his or her regular occupation.

We were contacted on December 6, 2001 and was advised that you returned to work at Parametric Technology Corp. as a temporary employee on December 4, 2001. As such, under the above definition of disability, we can not consider you totally disabled under this policy.

At this time, Short Term Disability benefits are denied. We are not able to consider you disabled under the terms and meanings of this policy. Your claim has been closed at this time.

We realize there may be factors of which we are unaware, and if you feel this determination is incorrect, we shall be pleased to review any objective medical evidence either you or your attending physician may wish to submit and, if the information warrants, alter our decision. If you will be submitting additional medical information, we respectfully request that you have the attending physician most familiar with your condition provide you with a medical narrative which objectively discusses the basis of the physician's opinion.

REDACTED

Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

A  011

ALEXEI KOUVCHIN
Page 2

You may request a review of this denial by writing to the Life Insurance Company of North America Representative signing this letter. The written request for a review must be sent within 60 days of receipt of this letter and state the reason why you feel your claim should not have been denied. Include any documentation (e.g. medical data) that you feel supports your claim. Under normal circumstances, you will be notified of the final decision within 60 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the final decision no later than 120 days after your request is received.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to us. We will be pleased to review any objective information you may wish to submit.

If you have any questions or concerns regarding the outcome or handling of your claim, please contact our office to discuss.

Sincerely,


Angela Wallace
Case Manager
1-800-352-0611 ext 8734

A 012

**Angela Wallace**
**Case Manager**
Disability Management Solutions





**CIGNA** Group Insurance
Life · Accident · Disability

December 10, 2001

ALEXEI KOUVCHINOV



REDACTED

Routing
12225 Greenville Ave
Dallas TX 75243-9384
Telephone (800)352-0611 x5609
Facsimile (860)731-3413

WEST ROXBURY, MA 02132

Re:  Claimant  : ALEXEI KOUVCHINOV
     SS#
     Employer  : PARMETRIC TECHNOLOGY CORP.
     Policy#   :
     Company   : CONNECTICUT GENRAL LIFE INSURANCE COMPANY

Dear Mr. Kouvchinov:

We have carefully reviewed your claim for Long Term Disability benefits under the
Parametric Technology Corp's group insurance plan and advise you that we cannot consider
you totally disabled and as such, eligible to receive benefits beyond November 30, 2001.

Under the Parametric Technology Corp. Short Term disability policy, the definition of
disability is as follows:

> An Employee is Disabled if, because of Injury or Sickness,
>
> 1.  He or she is unable to perform all the material duties of his or her regular
>     occupation.

We were contacted on December 6, 2001 and was advised that you returned to work at
Parametric Technology Corp. as a temporary employee on December 4, 2001. As such, under
the above definition of disability, we can not consider you totally disabled under this policy.

At this time, Short Term Disability benefits are denied. We are not able to consider you
disabled under the terms and meanings of this policy. Your claim has been closed at this
time.

We realize there may be factors of which we are unaware, and if you feel this determination
is incorrect, we shall be pleased to review any objective medical evidence either you or your
attending physician may wish to submit and, if the information warrants, alter our decision.
If you will be submitting additional medical information, we respectfully request that you
have the attending physician most familiar with your condition provide you with a medical
narrative which objectively discusses the basis of the physician's opinion.

Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

ALEXEI KOUVCHIN
Page 2

You may request a review of this denial by writing to the Life Insurance Company of North America Representative signing this letter. The written request for a review must be sent within 60 days of receipt of this letter and state the reason why you feel your claim should not have been denied. Include any documentation (e.g. medical data) that you feel supports your claim. Under normal circumstances, you will be notified of the final decision within 60 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the final decision no later than 120 days after your request is received.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to us. We will be pleased to review any objective information you may wish to submit.

If you have any questions or concerns regarding the outcome or handling of your claim, please contact our office to discuss.

Sincerely,


Angela Wallace
Case Manager
1-800-352-0611 ext 8734

A 012



EXHIBIT
30
SLP  11/16/05

# SEPARATION AGREEMENT AND GENERAL RELEASE

1.    **Separation From Employment.** My active employment with Parametric Technology Corporation ("PTC") will cease as of September 24, 2001.

2.    **Consideration.** I understand that, in consideration for my execution of this Separation Agreement and General Release (the "Agreement") and my fulfillment of the promises made in this Agreement, PTC agrees to provide me with Separation Pay and Outplacement Services (collectively, "Separation Benefits"), as set forth in PTC's August 2001 U.S. Separation Pay Policy (the "Separation Policy") enclosed herewith.

3.    **Conditions Applying to Payment of Benefits.** I understand and agree that the Separation Benefits that I will receive pursuant to Section 2 above is subject to my compliance with the terms and conditions set forth in this Agreement and the additional separation documents I have received.

4.    **General Release of Claims.** I hereby voluntarily release PTC, and any and all of its subsidiaries, branches, divisions, affiliates, insurers, successors, assigns or related entities, as well as its or their present and former officers, directors, trustees, employees and agents, individually and in their official capacities, (collectively, the "Released Parties"), of and from any and all claims, known and unknown, that I, my heirs, executors, administrators, successors, and assigns, have had or may have as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- The National Labor Relations Act;
- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Immigration Reform Control Act;
- The Americans with Disabilities Act of 1990;
- The Workers Adjustment and Renotification Act, as amended;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- The Massachusetts Fair Employment Practices Act;
- The Massachusetts State Wage and Hour Laws;
- The Massachusetts Occupational Safety and Health Laws;
- The Massachusetts Equal Rights Act;
- The Massachusetts Civil Rights Act;
- The Massachusetts Privacy Law;
- The Massachusetts Sexual Harassment Statute;
- The Massachusetts Consumer Protection Act;
- The Massachusetts Small Necessities Leave Act
- any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- any public policy, contract, tort, or common law; or
- any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

RESP00082

5.     **Affirmations.** I affirm that I have not filed or caused to be filed, and that I am not presently a party to, any claim, complaint, charge or action against PTC in any forum or form. I further affirm that I have been paid and/or have received all compensation, wages, bonuses, commissions, and/or benefits to which I may be due and that no other compensation, wages, bonuses, commissions and/or benefits are due to me, except as provided in this Agreement and General Release. I further affirm that I have no known workplace injuries.

6.     **No Admission of Wrongdoing.** I agree that neither this Agreement nor the furnishing of the consideration for the General Release set forth in this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of any liability or unlawful conduct of any kind.

7.     **Post Employment Obligations.** I acknowledge that my obligations to the company of non-disclosure, non-solicitation and non-competition (the "Non-Disclosure Agreement") shall continue in effect following my separation from the company. I hereby reaffirm my commitment to abide by the terms of my "Non-Disclosure Agreement" which is incorporated by reference.

8.     **Governing Law and Interpretation.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without regard to its conflict of laws provisions. Should any provision of this Agreement be declared illegal or unenforceable by a court of competent jurisdiction and if it cannot be modified to be enforceable, excluding general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in effect.

9.     **Entire Agreement.** This Agreement, together with the Separation Policy, sets forth the entire agreement between me and the Released Parties and shall supersede any and all prior agreements or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement and the Separation Policy. I acknowledge that I have not relied on any representations, promises, or agreements of any kind made to me in connection with my decision to sign this Agreement, except for those set forth in this Agreement and the Separation Policy.

10.     **Amendment.** This Agreement may not be amended except by a written agreement signed by authorized representatives of both parties.

11.     **Right to Revoke.** I understand that I have the right to revoke this Agreement at any time during the seven (7) day period following the date on which I first sign the Agreement. If I want to revoke, I must make a revocation in writing which states: "I hereby revoke my acceptance of the Agreement and General Release". This written revocation must be delivered by hand or sent by certified mail with a postmark dated before the end of the seven-day revocation period to: Restructuring Coordinator, PTC Human Resources, Parametric Technology Corporation, 140 Kendrick Street, Needham, MA 02494.

12.     **Effective Date.** This Agreement shall not become effective or enforceable until the expiration of the 7-day revocation period described in Section 11 above.

13.     **Applicable Data.** Included with this Agreement is a disclosure under the Older Workers Benefit Protection Act, which lists the job titles and ages of all individuals eligible and ineligible for Separation Benefits under the PTC August 2001 Restructuring.

RESP00083

[Mass O/40]

I UNDERSTAND THAT MY RIGHT TO RECEIVE THE SEPARATION BENEFITS SET FORTH IN SECTION 2 ABOVE IS SUBJECT TO MY COMPLIANCE WITH THE TERMS AND CONDITIONS SET FORTH IN THIS AGREEMENT AND THAT I WOULD NOT RECEIVE SUCH SEPARATION BENEFITS BUT FOR MY EXECUTION OF THIS SEPARATION AGREEMENT AND GENERAL RELEASE.

I ALSO UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I WILL BE WAIVING MY RIGHTS UNDER FEDERAL, STATE AND LOCAL LAW TO BRING ANY CLAIMS THAT I HAVE HAD OR MAY CURRENTLY HAVE AGAINST THE RELEASED PARTIES. BY RECEIVING AND READING THIS AGREEMENT I HAVE BEEN ADVISED IN WRITING THAT I HAVE THE OPPORTUNITY OF UP TO 45 DAYS TO CONSIDER THIS AGREEMENT AND HAVE BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.

IN WITNESS WHEREOF, I have executed this Separation Agreement and General Release as of the date set forth below

Signed: _Alexei Kouvchinov_

Name: _Alexei Kouvchinov_
Please Print

Date: _Oct - 15 - 2001_

ACKNOWLEDGED     AND     ACCEPTED     BY PARAMETRIC TECHNOLOGY CORPORATION

By: _____

Name: _Zachary Wells_

Title: _HR Analyst_

Date: _10/03/01_

RESP00084

[Mass O/40]